DECISION
A case management conference was held February 19, 2009. Shauna Zobrist, Certified Public Accountant, represented Plaintiff. Melissa Williams and Vickie Ellinwood appeared for Defendant. Subsequently, written submissions were filed; the record closed April 8, 2009.
At issue is $1,180.03 in penalties imposed for not timely filing personal property returns for the 2006-07 and 2007-08 tax years. The account involved is identified as P2155970. Plaintiff seeks cancellation of those penalties.
 I. STATEMENT OF FACTS
Plaintiff began business operations in 2004. For the next tax year, the total asset value was below the filing threshold. No returns were filed by Plaintiff until tax year 2008-09. Plaintiff claims it was unaware of the need to file, was not notified of the requirement earlier by Defendant and did not receive the reporting forms in the mail for the two years at issue
Defendant discovered the existence of Plaintiff and its taxable personal property in 2008. Defendant then proceeded pursuant to ORS311.205 and 311.216 to add an assessed value of $52,594 for tax year 2006-07 and $77,346 for tax year 2007-08. As part of that process, a penalty of 50 percent of the tax amount due for each year was assessed to Plaintiff. Plaintiff now seeks a waiver of those penalties. *Page 2 
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1 of any year. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, it "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the provision applicable here, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file its return before August 1 of each tax year. Pursuant to the statute, it is responsible for a 50 percent penalty. Plaintiff claims, however, it should be excused from the penalty because of circumstances beyond its immediate control.
ORS 311.223(4) allows waiver of a late-filing penalty. In such cases involving past years and omitted property assessments, this court has the power to waive or reduce that penalty. The owner must provide a proper showing of good and sufficient cause.
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
"`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." *Page 3 
In this case, the failure to file is rooted in the admission that Plaintiff was unaware of the statutory requirement. It is immaterial that a personal property return form was not received in the mail. That specifically does not constitute a valid reason to compromise the statutory penalty. ORS 308.290(2)(c). Under these facts, there is no error or omission by Defendant.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of April 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on April 30,2009. The Court filed and entered this document on April 30, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1